*Law Library*

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
2013 JUN 16 PM 2:43
CLERK OF COURT

| | |
|---|---|
| DATA MANAGEMENT RESOURCES, LLC, <br><br> Petitioner, <br><br> vs. <br><br> OFFICE OF PUBLIC ACCOUNTABILITY, <br><br> Respondent. | SPECIAL PROCEEDINGS CASE NO. SP0162-11 <br><br><br> DECISION AND ORDER |
| BUREAU OF INFORMATION TECHNOLOGY, GOVERNMENT OF GUAM, <br><br> Real Party-In-Interest. | |

This matter came before the HONORABLE VERNON P. PEREZ on December 6, 2012. Attorney Jacqueline T. Terlaje represented the Petitioner, Data Management Resources, LLC ("Petitioner"). Attorney Anthony R. Camacho represented the Respondent, Office of Public Accountability ("Respondent"). Attorney General Fred Nishihira represented the Real Part-in-Interest, The Bureau of Information Technology (hereinafter "BIT"). Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

BIT, who is the Real Party-In-Interest in this matter, commenced negotiations with Petitioner after deeming Petitioner to be the best qualified offeror in selecting an email system for the Government of Guam. BIT and Petitioner were in the process of negotiating the price per email user terms when on April 11, 2011 Petitioner received an email from BIT terminating negotiations. The termination of negotiations occurred before a contract was formed.

Petitioner lodged a protest on April 12, 2011. BIT failed to respond within 60 days to the protest and Petitioner filed an appeal to the Public Auditor on June 28, 2011, 60 days from the lodging of the initial protest. BIT filed a response to the initial protest on July 19, 2011. On August 29, 2011, the Respondent dismissed Petitioner's appeal for being untimely and for lack

of subject matter jurisdiction. The Verified Petition for Judicial Review was filed by Petitioner on September 12, 2011. The Court denied Petitioner's request for judicial review via a Decision and Order filed on September 17, 2012. On September 27, 2012 Petitioner, filed a Motion for Reconsideration.[1] Respondent filed an opposition to the Motion on November 16, 2012. This Decision and Order will address the pending Motion for Reconsideration.

**DISCUSSION**

**Standard of Reconsideration**

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted). GRCP Rule 60 states in relevant part:

> "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...(6) any other reason justifying relief from the operation of the judgment." GRCP Rule 60.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again.

In the case here, Petitioner alleges that the Court made its decision in error and cites GRCP Rules 59(e) and 60(b). Petitioner limits the request for reconsideration solely to the Court's Decision and Order denying the Petition for Judicial Review. Petitioner's Motion for

---

[1] The Court finds that Petitioner's Motion for Reconsideration was timely.

Reconsideration at 1. Petitioner also argues that reconsideration is proper to avoid manifest injustice.

In opposition, Respondent argues that Petitioner fails to state proper grounds for reconsideration under either Rule 59(e) or Rule 60(b). Respondent argues that Rule 59(e) only applies to final judgments and Rule 60(b) doesn't include reconsideration based on legal error.

### Rule 59(e)

As Respondent challenges Petitioner's citation to Rule 59(e), the Court provides the following discussion. Rule 59(e) states "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment". Judgment is defined to include a decree and any order from which an appeal lies. *See* Rule 54. Therefore, the Court agrees with Respondent on the application of Rule 59(e). Furthermore, the Court finds that Rule 59, in general, applies to final judgments. Yet, a new issue arises with this conclusion. Whether, a denial of a Petition for Judicial Review is appealable. The Court believes that as its September 17, 2012 Decision and Order concluded the case and is appealable. Therefore, Rule 59(e) could be a statutory basis for reconsideration. The Court considers whether reconsideration is appropriate below.

### Rule 60(b)

The Court finds that if it made error in its decision, either typographically or legally, or to support notions of justice, Rule 60(b) could be a basis for reconsideration. While the Court appreciates Respondent's challenge to Petitioner's citation of Rule 60(b), the Court will not discuss further the limitations of Rule 60(b) as it is a proper basis for reconsideration.

### Merits for Reconsideration

The Court excludes discussion of subsections (2) through (5) of Rule 60(b) as there is no suggestion of new evidence, fraud, void judgment or satisfied judgment. Thus, reconsideration may only be granted if the Court finds that it made a mistake in its earlier ruling or based on manifest injustice. *Ward*, ¶ 10.

Petitioner alleges that the Court relied on mistake of fact in denying judicial review. Petitioner argues that the Court's finding that BIT took 98 days to issue a decision was a

mistake of fact, but Petitioner fails to provide a more accurate time frame. The Court does not conclude that the factual finding of 98 days was in error.

Furthermore, procedure is an important aspect to the practice of law. Procedure in the civil realm, as well as administrative arena, is key to the proper function of the justice system. Here, jurisdiction and rules relating to timeliness preempted the Court from granting judicial review. The Court does not find that it relied on mistaken facts or that reliance on those facts created manifest injustice. The Court sympathizes with Petitioner in that the Court effectively closed access to the remedy Petitioner desires with its September 17, 2012 Decision and Order. Yet, the Court was correct in its earlier finding that Petitioner prematurely appealed to the Respondent when BIT took an extended, but lawful, amount of time to respond. Petitioner did not follow the proper procedure and the Court relied on the applicable law. The Court did not rely on mistaken facts and the Court made no clear error.

As to the manifest injustice argument, Petitioner claims that with the denial of judicial review, the Petitioner is left with no available remedy. The Court does not believe that its denial of judicial review creates manifest injustice. The Court put forth the rationale for its denial of judicial review in the September 17, 2012 decision and the Court finds that it applied the appropriate rules as explained above. Additionally, Petitioner still maintains the remedy of appeal if Petitioner continues to believe that the Court is in error. Simply put, the grounds for which reconsideration may be had are unsupported by the record or the facts of the case.

## CONCLUSION

The Court hereby DENIES Petitioner's Motion for Reconsideration.

So ORDERED this \_16th\_ day of January, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original order was placed in the court box on.

Therese M. Blas
Deputy Clerk, Superior Court of Guam

*Data Management Resources, LLC, v. Office of Public Accountability,*
Decision and Order
SP0162-11

Date:_____Time:_____

Deputy Clerk, Superior Court of Guam